## McCulloch v. Field.

(Decided December 19, 1919.)

### Appeal from Daviess Circuit Court.

Principal and Surety—Action for Contribution as Co-surety—Defenses.—Appellee sued appellant for contribution as co-surety upon the note of another which he was compelled to pay; appellant denied the co-suretyship alleging that he was surety for ap-

pellee, and in addition set up in his answer a detailed statement of the origin and history of the indebtedness evidenced by the note, including two agreements of certain stockholders in two corporations with reference thereto. Held, that neither of these agreements was a defense either as peladed or proven by the appellant, and that the court did not err in refusing to submit one of such agreements as a defense, or in telling the jury that evidence of the other should not affect the verdict under certain conditions.

JAMES J. SWEENEY for appellant.

R. M. HOLLAND for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On May 12, 1914, the Owensboro Pressed Brick Company, R. P. Farnsworth, the appellee, C. L. Field, and appellant, J. W. McCulloch, executed a note for $4,500.00 to the Owensboro Banking Company. The note was not paid at maturity and the payee instituted suit thereon against all four of the makers, but summons not having been served upon Farnsworth or McCulloch judgment was taken by default against the brick company and Field. Thereafter Farnsworth and Field satisfied the judgment, the former paying one-third and the latter two-thirds thereof. Field then instituted this action under section 4665, Kentucky Statutes, against McCulloch for contribution, alleging that the brick company was the principal and that he, Farnsworth and McCulloch were sureties thereon.

McCulloch answered denying that he was co-surety with Farnsworth and Field for the brick company and alleging that the brick company, Farnsworth and Field were principals on the note and that he was surety for all of them. He also set up in his answer a detailed and involved statement of the origin of the indebtedness and its several renewals. The allegations of the answer were traversed by reply, and upon a trial before a jury appellee recovered judgment against appellant for one-half of the amount he had paid in satisfaction of two-thirds of the note. McCulloch by this appeal seeks to reverse that judgment upon the ground that the court erred in the instructions given and in refusing to give an offered instruction.

The instructions given (Nos. 1 and 2) and the one refused (No. 3) are as follows:

"No. 1:

"Gentlemen of the jury:

"The court instructs you that you will find for the plaintiff, C. L. Fields, as against the defendant, J. W. McCulloch, the sum of $1,663.75, with five per cent interest from the 6th day of May, 1916, unless you shall believe as set out in the second instruction.

"No. 2:

"If you believe from the evidence that the defendant, J. W. McCulloch, signed the notes in question mentioned in the evidence herein at the request and the instance of the said R. P. Farnsworth and C. L. Field and upon the understanding between them, if any there was, that he signed same as their surety, you will find for the defendant, J. W. McCulloch; but, if you believe from the evidence that the said R. P. Farnsworth and C. L. Field did not request the said J. W. McCulloch to become surety for them on said notes, as aforesaid, and although you may believe from the evidence that the said J. W. McCulloch signed them under an agreement that all the stockholders in the two corporations would be bound therefor as though they each signed their names, as claimed by J. W. McCulloch, then you will find for plaintiff, C. L. Field, as under first instruction."

"No. 3 (offered by defendant):

"The defendant moves the court to instruct the jury that if they believe from the evidence that the amalgamated corporation acted under said agreement from the time of consolidation until the ......... day of ...................., 191....., when by mutual consent of all the stockholders interested in the two corporations it was agreed to separate said corporation and its business and to return the stock of each of said corporations to the original owner thereof, and it was further agreed and understood between all the stockholders that each corporation should take care of its own indebtedness existing before the consolidation, or incurred thereafter, and should be treated as if no consolidation had taken place, and that under this agreement that the note sued on was executed and McCulloch signed his name as surety thereto, they should find for the defendant."

The only objection to the instructions given is to that part of instruction No. 2 which authorized a finding for Field if the jury believe from the evidence that Farnsworth and Field did not request McCulloch to become

surety for them on the note, "and although you may believe from the evidence that the said J. W. McCulloch signed them (the note and several renewals) under an agreement that all of the stockholders in the two corporations would be bound therefor as though they signed their names, as claimed by J. W. McCulloch." It is insisted for appellant that this quoted clause of the instruction deprived him of the second of his two pleaded defenses, as did also the refusal to give instruction No. 3.

On the other hand, appellee insists that the only defense pleaded or supported by evidence was the one that appellant was surety for, rather than co-surety with Field and Farnsworth; that this defense was properly submitted and that the direction to the jury quoted above to disregard the evidence as to any agreement between the stockholders in the event they believed Field and Farnsworth did not request appellant to become surety for them, was not only erroneous, but necessary to prevent a misunderstanding by the jury of the purpose and effect of some of the evidence they had been permitted to hear.

It is therefore apparent that the first if not the only question presented is whether or not such an agreement between the stockholders was supported by pleading and proof, as would relieve appellant of liability as co-surety to Field, even though the jury did not sustain his claim that he signed the note at Field's request and as his surety. To decide this question we need look only to the answer, which is not styed a set-off, counterclaim or made a cross-petition against any of the stockholders in either of the two corporations referred to therein, one of which was the Owensboro Pressed Brick Company, the other the Owensboro Sand & Lime Brick Company. Neither is the answer paragraphed so as to indicate a purpose to assert two defenses. It does certainly deny that appellee and appellants were co-sureties and avers the latter was surety for the former and Farnsworth, but the additional matter contained therein seems to us merely inducement to and explanatory of the single defense that appellant was surety for and not co-surety with appellee.

Unless McCulloch did sign the note as he claimed upon the request of and as surety for Farnsworth and Field, he and they were co-sureties, even though, as stated by the court in the latter part of instruction No. 2, McCul-

loch signed "them" under an agreement that all of the stockholders in the two corporations would be bound therefor as though each had signed same.

The effect of such an agreement, while it existed, would have been to make Farnsworth, Field and McCulloch co-sureties for the stockholders of the two corporations as well as for the pressed brick company, and being co-sureties, whether for the pressed brick company or for all of the stockholders in the two corporations, they were liable as between themselves as co-sureties and for contribution as such, so long as that agreement was in effect, but this agreement was not in effect at the time the note sued on was executed, as will later appear.

Evidence thereof was therefore competent and admitted only to show the origin and history of the indebtedness, and it was evidently to avoid the possibility of the jury giving other importance thereto that the court admonished them of its lack of effectiveness as a separate defense.

Hence, in our judgment, the qualifying clause at the end of instruction No. 2 was not improper and certainly not prejudicial, since the effect of the evidence thereby limited was not sufficient to defeat appellant's liability as co-surety in the event the jury did not believe from all of the evidence he was simply a surety for the other obligors on the note.

That this agreement made by some though not all of the stockholders in the two corporations to be bound for this indebtedness whether they signed the notes evidencing it or not was not relied upon by appellant as a defense in this action but was simply a recital of a step leading up to and explaining the final arrangement which fixed the liability on the note sued on is apparent from both his pleading and his evidence since he pleaded and stated as a witness that this agreement was superseded by a later one which he contends released him even as a stockholder. This subsequent agreement as pleaded and supported by his evidence was that after the attempted consolidation, accompanied by exchange of stock, by some of the stockholders in each corporation, the business of the two corporations was separated, the exchanged stock returned to its original owners, and "it was further agreed and understood between all of the stockholders that each corporation should take care of its own indebtedness . . . and should be treated as if

no consolidation had taken place, and that under this agreement the note sued on was executed and McCulloch signed his name as surety thereto."

That this was the only agreement claimed to have been in effect between the parties at the time the note sued on was signed by McCulloch, other than his claim he signed for and as surety of Field, is manifested not only by his pleadings and proof, but by the further fact that only this later agreement was presented as a defense by an offered instruction. So clearly he can urge here as error only the refusal of the court to hold this final agreement as a defense to plaintiff's suit.

That this agreement did not obligate Farnsworth and Field or any of the stockholders in the pressed brick company personally to take care of its indebtedness, but relieved them as well as McCulloch and other stockholders in the sand and lime brick company from liability therefor under the former agreement is apparent. As stated in the offered instruction, by this later agreement each corporation (not the stockholders) should take care of its own indebtedness as if no consolidation had taken place, and if, as he claims, McCulloch signed his name as surety to the note sued on under this later agreement, he was necessarily surety for the pressed brick company and not for its stockholders or any one else, just as were Farnsworth and Field, unless only if they got him to sign it as surety for them, as submitted in instruction No. 2. Hence the court did not err in refusing this instruction.

Judgment affirmed.